ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Hensel Phelps Construction Co. | ) ASBCA No. 61517 |
| | ) |
| Under Contract No. N40080-11-C-0154 | ) |

APPEARANCES FOR THE APPELLANT:  Todd R. Metz, Esq.
Brian R. Dugdale, Esq.
Varela, Lee, Metz & Guarino, LLP
Tysons Corner, VA

APPEARANCES FOR THE GOVERNMENT:  Craig D. Jensen, Esq.
Navy Chief Trial Attorney
Ellen M. Evans, Esq.
Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE MCIIMAIL

In 2010, the government contracted with appellant, Hensel Phelps Construction
Co., for construction work at a naval air station; the project included an aircraft
parking apron and taxiway access (R4, tab 1 at 1, 4). In 2015, the government revoked
its previous acceptance of those parts of the work, citing what it says are defects (R4,
tabs 108, 115). In 2017, the contracting officer issued a final decision stating that
appellant:

> [S]hould consider this a [contracting officer's final
> decision] to assert a demand for the cost to replace the
> concrete apron and asphalt taxiway, currently estimated at
> $2,900,000. If you do not replace the defective pavement
> to a fully usable condition by October 31, 2018, the
> Government intends to fulfill this demand in the form of
> set-off from future payments under other Government
> contracts with Hensel Phelps.

(R4, tab 131 at 4) (Emphasis added) On February 6, 2018, appellant appealed from
the contacting officer's final decision, seeking no damages but a judgment that
appellant "has fulfilled its obligations under the Contract" (compl. ¶ 63).

On July 17, 2018, we issued an opinion finding no jurisdiction over any monetary
claim, but exercising our discretion to decide whether to grant a declaratory judgment that
appellant had fulfilled its obligations under the contract. *Hensel Phelps Construction Co.*,

ASBCA No. 61517, 18-1 BCA ¶ 37,101 at 180,588. In December 2018, the parties filed with the Board two settlement agreements, in which, taken together, appellant agrees to redo the concrete apron at no additional cost to the government, and appellant agrees to redo the taxiway at an additional cost to the government (settlement agreements ¶¶ 3-4). Although the parties say that the appeal is not moot (joint status briefing ¶ 1), the settlement agreements together confirm that the agreements resolve the matters at issue in this appeal; that is, the issues concerning the concrete apron and the asphalt taxiway. Indeed, in addition to the appellant's agreement to redo the disputed work at an additional cost to the government (that cost attributable to the taxiway), paragraph 2 of the concrete apron settlement agreement recites that "[m]atters at issue in this Appeal related to the taxiway are resolved via a separate Agreement of the Parties," and paragraph 2 of the taxiway settlement agreement recites that "[m]atters at issue in this Appeal related to the concrete apron are resolved via a separate Agreement of the Parties."

In exercising our discretion to grant declaratory relief only in limited circumstances, we are free to consider whether declaratory relief is appropriate, including whether the claim involves a live dispute between the parties. *Alliant Techsystems, Inc. v. United States*, 178 F.3d 1260, 1271 (Fed. Cir. 1999). Given the parties' settlement agreements, we find no live dispute between the parties, and that declaratory relief is not appropriate. Consequently, the appeal is dismissed as moot.

Dated: October 29, 2019

TIMOTHY P. MCHMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

2

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61517, Appeal of Hensel Phelps Construction Co., rendered in conformance with the Board's Charter.

Dated:

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

3